The **LASE COMPANY**, a corporation, Plaintiff,

v.

**WEIN PRODUCTS, INC.,** and Stanley **Weinberg, Defendants.**

No. 72 C 3083.

United States District Court, N: D. Illinois, E. D.

Sept. 5, 1973.

On Motion for Stay Oct. 5, 1973.

A. Sidney Katz, Fitch, Even, Tabin & Luedeka, Chicago, Ill., for plaintiff.

Jack E. Dominik, Dominik, Knechtel, Godula & Demeur, Chicago, Ill., as local counsel for Marvin H. Kleinberg and Richard Morganstern, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for change of venue pursuant to 28 U.S.C. § 1404(a).

This action is based on diversity of citizenship for trade libel, slander of title, deceptive trade practices and unfair competition and trade practice combined with an action for false marking and representation under 35 U.S.C. § 292 and 15 U.S.C. § 1125(a) respectively.

The plaintiff, the Lase Co., is incorporated under the laws of the State of Illinois and has its principal place of business in that state. Defendant Wein Products, Inc. is incorporated under the laws of the State of California and has its principal place of business in that state. Defendant Stanley Weinberg is a resident and citizen of the State of California. The amount in controversy is alleged to exceed $10,000 exclusive of interest and costs.

The plaintiff's complaint sets forth six causes of action in six separate counts.

Count I alleges a cause of action against the defendants for the tort of trade libel and title slander. Count II alleges, in the alternative to Count I, a cause of action against the defendants for unfair competition and unfair trade practices. Count III alleges a cause of action against defendant Stanley Weinberg for trade libel and title slander. Count IV alleges a cause of action against defendants under the Patent Laws of the United States, 35 U.S.C. § 292. Count V alleges a cause of action against the defendants for deceptive trade practices. Count VI alleges a cause of action against the defendants

for false descriptions and representations in the sale of their product in violation of 15 U.S.C. § 1125(a).

The plaintiff in the complaint alleges the following facts, *inter alia*, which are relevant to the proper disposition of the instant motion. (1) The plaintiff is engaged in the making and selling of certain photographic equipment including a certain photographic slave trigger device, sold by plaintiff under the trademark of "Lase" and on which plaintiff owned all rights, title and interest pursuant to a patent application filed November 14, 1967, which issued as U. S. Patent No. 3,487,221 on December 30, 1969. (2) The defendant Wein Products, Inc., is engaged in the manufacture and sale of photographic equipment, including electronic slave trigger devices, in direct competition with plaintiff. Defendants' electronic slave trigger devices are sold under the trademark "Micro-Slave". (3) On or about June 26, 1969, while acting within the scope of his employment as President of Wein Products, Inc., Stanley Weinberg did knowingly and maliciously cause a letter to be sent to each of plaintiff's distributors concerning plaintiff's title to and right to manufacture and sell Lase electronic slave trigger devices. The letter contained the following language:

### Directive to Distributors

We have been informed that LASE is using circuitry that infringes on our patents for the Micro-Slave. We strongly urge all of our distributors to refrain from handling this item as we are filing an infringement suit with the United States Patent Office.

Stan Weinberg,
President

(4) Such letters were received and read by the plaintiff's distributors and the statement thus advertised and published was untrue, false and disparaging of plaintiff's title to and right to manufacture and sell the aforementioned "Lase" electronic slave trigger devices. During the relevant period of time defendants owned no patent application or patent

relating to the Micro-Slave device or to any other electronic slave trigger devices. The defendant Stanley Weinberg at the time of mailing the letter in the State of California knew the facts contained therein to be false and untrue and had no reason to suspect the statements in question to be true.

The defendants in support of their motion for a change of venue contend:

1. Discovery thus far demonstrates that California is the primary situs of the actual controversy between the parties, the dispositive witnesses and the documentary evidence.

2. In the interests of justice and for the convenience of the parties and witnesses this action should be transferred from this Court to the United States District Court for the Central District of California.

The plaintiff in opposition to the instant motion contends that venue is proper and most convenient and just in this Court.

It is the opinion of this Court after examining the relevant pleadings, memoranda and exhibits that the instant action should be transferred to the United States District Court for the Central District of California in the interests of justice and for the convenience of the parties and witnesses.

It is well settled that the question of whether an action should be transferred pursuant to 28 U.S.C. § 1404(a) is one that rests in the sound discretion of the trial court. Nowell v. Dick, 413 F.2d 1204 (5th Cir. 1969); Arley v. United Pacific Ins. Co., 379 F.2d 183 (9th Cir. 1967), cert. denied, 390 U.S. 950, 88 S. Ct. 1039, 19 L.Ed.2d 1140; Barber-Greene v. Blaw-Knox Co., 239 F.2d 774 (7th Cir. 1957).

Before a court can appropriately rule on a motion for transfer the controlling factors relating to the convenience of the parties and witnesses and the interests of justice should be carefully weighed. Plaintiff should not be sent to a forum which in the court's opinion does not assure it a fair trial. The privilege of selecting a forum continues to play a part in deciding transfer motions but it should not be cast in the leading role.

The court should also consider the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of witnesses; possibility of a view, if appropriate; and other practical factors that would make the trial of a case easy, expeditious and inexpensive.

The ultimate inquiry is where trial will best serve the convenience of the parties and witnesses and the ends of justice.

It is the opinion of this Court after weighing the relevant factors that the appropriate forum for the litigation of the instant action is the United States District Court for the Central District of California. This ruling is based on the following considerations:

1. The defendants Wein Products, Inc. and Stanley Weinberg are all residents of the Central District of California.*

2. The documents which have been the subject of plaintiff's vigorous efforts for discovery are located in the Central District of California.

3. The amount of damages alleged in the complaint is proveable through any of the four distributors who received the defendants' letter which is the subject matter of the instant action. Pre-trial discovery has allegedly disclosed that the only distributor who ceased mak-

* The parties in their respective reply briefs have bitterly contested the question of whether venue is proper in the Northern District of Illinois. Given this Court's instant ruling there is no need for the Court at this time to pass on the question of whether venue in the Northern District of Illinois is proper; especially since this question, according to the plaintiff, is not properly before this Court.

ing purchase from plaintiff subsequent to June 26, 1969 is the Kalt Corporation, a distributor located in the Central District of California. Accordingly, primary proof of damages should originate from business records and personnel of the Kalt Corporation located in the Central District of California.

4. The tort which is the subject matter of the complaint was allegedly committed in the Central District of California by the writing of the letter complained of by the plaintiff.

5. The present cause of action could have been brought in the Central District of California.

6. Dispositive testimony in the instant action will originate primarily from witnesses located in the Central District of California. Material documentary evidence will also originate primarily from files and business records located in the Central District of California.

7. Allegedly the proof of the claim asserted in the instant action is germane to the Clayton Act counterclaim filed in an action involving the same parties in the Central District of California, Civil Action No. 73–1439–CC. Thus, if the matter is tried in the Northern District of Illinois as well as the Central District of California there will be a duplication of judicial effort. By transferring this action to the Central District of California where it may be consolidated with the pending action in that district such duplicative judicial effort will be avoided.

Accordingly it is hereby ordered that the defendants' motion for a change of venue is granted and the instant action is transferred to the United States District Court for the Central District of California.

### On Motion to Stay

This cause comes on the plaintiff's motion to stay execution of this Court's order transferring the instant action to the Central District of California.

This action is based on diversity of citizenship for trade libel, slander of title, deceptive trade practices, unfair competition and trade practice combined with an action for false marking and false representation under 35 U.S.C. § 292 and 15 U.S.C. § 1125(a) respectively.

On September 5, 1973 this Court, after weighing the relevant factors, ordered that the instant action be transferred to the United States District Court for the Central District of California in the interest of justice and for the convenience of the parties and witnesses.

The plaintiff in its motion seeks to stay the transfer of the instant action pending the decision of the District Court for the Central District of California in another case involving the instant parties. The motion pending in that other action in the Central District of California is for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure or transfer to this Court for lack of *in personam* jurisdiction and venue in California under 28 U.S.C. § 1406(a). The hearing and decision by the California court is presently set for October 29, 1973.

This Court, in its *Memorandum Opinion and Order* of September 5, 1973 articulated seven broad categories of considerations which form the basis of this Court's decision to transfer the instant action. The first six of these categories are independent of any considerations involving the other pending lawsuit in the Central District of California.

The first six categories explicated by this Court for transferring the instant action to the Central District of California were based on such considerations as the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of witnesses; the fact that the Central District of California was the place of the tort; and other practical factors that would make the trial of the instant case easier, more expeditious and inex-

pensive. These considerations alone are sufficient to warrant the transfer of the instant action to the Central District of California.

While the seventh category does consider that duplicative judicial effort could possibly be eliminated by transferring the instant action to the Central District of California where it might be consolidated with the other action pending there, this consideration is not pivotal to the Court's decision to transfer the instant action.

Thus, the status of the other case involving the instant parties presently pending in the United States District Court for the Central District of California has only minimal relevance to whether this Court should transfer the instant action at this time.

Accordingly, it is hereby ordered that the plaintiff's motion to stay execution of this Court's Order of September 5, 1973 transferring the instant action to the Central District of California is denied.