**TEFAL, S. A. and Royal Chambord, Inc.**

v.

**PRODUCTS INTERNATIONAL COMPANY, a partnership also known as Picam Products and as Prescott Adams & Nolan, et al., Appellants.**

Nos. 75–1771, 75–1772.

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1975.

Decided Jan. 26, 1976.

David R. Simon, Simon & Allen, Newark, N. J., for appellants.

Roger M. Milgrim, Milgrim, Thomajan & Jacobs, New York City, for appellees.

Before SEITZ, Chief Judge, and GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiffs are Tefal, S.A., a French corporation and Royal Chambord, a New Jersey corporation with its corporate headquarters in that state. Tefal is the registered owner of the United States trademark "T–FAL" for kitchen and cooking utensils. Plaintiff, Royal Chambord, is the sole United States distributor of Tefal products. The defendants are Products International Company (Picam), a partnership of two California corporations, the individual corporations comprising the partnership and Bernard Lavitch, the General Manager of Picam. Plaintiffs sued for alleged trademark infringement and unfair competition in connection with defendants' New Jersey[1] sales of competing cookware under the trademark "TEPAL–WARE by PICAM".

The district court denied defendants' motion to dismiss for improper venue and, after hearing, granted plaintiffs' motion for a preliminary injunction enjoining defendants from using both their own "TEPAL–WARE" trademark and plaintiff Tefal's U. S. registered trademark, "T–FAL". The district court's venue order was properly certified to this court, and defendants have timely appealed the order granting a preliminary injunction.[2]

## VENUE

■ The district court found that New Jersey sales by Picam under the contested trademark accounted for about 5 per cent of Picam's total national sales. It also found that defendants offered their products for sale in New Jersey through live sale demonstrations. Based on these findings the district court concluded that defendants' activities in New Jersey were sufficiently substantial to satisfy the venue requirement of 28 U.S.C. § 1391(b) that the claim arise in the judicial district where the action is brought.

Defendants do not challenge the accuracy of the facts relied on by the district court or the controlling importance of § 1391(b). Rather, they contend the showing made was too insubstantial to warrant the conclusion that, for purposes of the statute, plaintiffs' claim arose in the district of New Jersey. They emphasize that a far greater percentage of Picam's business in the relevant articles was conducted in California than in New Jersey during the pertinent period.

While refusing to concede that substantial sales activity must be shown within the district where a trademark infringement suit is brought in order to withstand a venue challenge, plaintiffs assert that, assuming the applicability of this standard, the trial record is still sufficient to overcome defendants' attack.

The record made on the venue issue is scanty indeed. While the value of sales of the critical products in New Jersey and California is given by defendants in relative terms as a percentage of national sales, there is no evidence of the actual dollar value of the sales in each state. However, we think it not unreasonable to infer that Picam sold substantial dollar amounts of the allegedly infringing products in New Jersey. In addition, defendants offered their products for sale in New Jersey through live sale demonstrations by their agents.

Given the nature of the claim—the extent of the infringing sales in New Jersey—we think the record amply supports the conclusion of the district court that the claim did arise within the district of

---

1. It is undisputed that a cause of action for trademark infringement arises where the passing off occurs. *See Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956).

2. Plaintiffs' motion to dismiss the appeal for failure of defendants to file an appeal bond will be denied.

New Jersey for venue purposes. Furthermore, keeping in mind the purposes of the venue requirement—the convenience of the parties—we do not deem it unfair on this record to require the defendants to stand trial in a district where they did substantial business in products which allegedly infringe plaintiff Tefal's products and in which it is fair to infer substantial dollar sales of defendants' products took place. If we assume the applicability and soundness of the "more than miniscule" test of *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974), a fortiori, that test has been more than satisfied on this record.

We therefore need not decide plaintiffs' alternative contention that in a trademark infringement case any passing off in a district establishes venue in that district. *See Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184 (D.Del. 1974). Nor, in view of our conclusion, need we consider the consequence for venue purposes of plaintiffs' proposed intention, apparently raised for the first time on appeal, to drop all defendants except Picam so as to attempt to establish venue under 28 U.S.C. § 1391(c).

## PRELIMINARY INJUNCTION

■ Defendants contend that the district court abused its discretion in granting a preliminary injunction. Their particularized arguments will be treated seriatim.

Defendants first contend that it was error for the district court to grant a preliminary injunction solely on the basis of affidavits because substantial factual issues were presented. They rely primarily on the language of this court in *Murray Hill Restaurant v. Thirteen Twenty One Locust,* 98 F.2d 578 (1938), and, in particular, the court's quotation from an earlier case which states that, except in clear cases, a preliminary injunction should not be awarded on ex parte affidavits.

We assume the continuing vitality of the principles relied on in *Murray Hill Restaurant* and stress the importance, generally, of testimony in disposing of preliminary injunction applications. In any event, because defendants' various claims of error by the district court amount to an attack on its findings, we proceed to see whether the district court's findings of (1) a probability of ultimate success and (2) irreparable injury during the pendency of the action were established in the record without sufficient contradiction to warrant the relief granted.

The district court found that the introductory portions of plaintiffs' (T–FAL) and defendants' (TEPAL) trademarks were obviously similar in pronunciation[3] and that the additional words in defendants' trademark did not negate the confusion. The court also found that the marks are applied to products which are similar in appearance and are sold in the same channels of trade. Finally, it noted that both parties rely heavily on in-store demonstrations to promote sales.

We think the finding of possible confusion by prospective purchasers as a result of the similarity of both the marks and the products, plus the method of merchandising, strongly suggests the probability of plaintiffs' ultimate success in the litigation.

We are also satisfied that there is a sufficient record basis for the district court's finding of interim irreparable injury. Plaintiffs claim that they had a unique patented manufacturing process and a resultant patented product. They say that they have developed the only successful process that mechanically and physically binds pure fluorocarbon resins to the metal surface of the utensil. This contention is not challenged by defendants. If, as appears, plaintiffs' products have the superior characteristics alleged, it may well damage plaintiffs' good will if customers purchase defendants' products assuming they have acquired plain-

3. While there was some potentially conflicting evidence created by defendants' counter affidavits, we do not think it was sufficiently con-tradictory to preclude the court's determination.

tiffs' products. Certainly, the risk is sufficiently substantial to fulfill the requirement of interim irreparable injury in the trademark context. *See George Washington Mint v. Washington Mint,* 349 F.Supp. 255 (S.D.N.Y.1972).

We conclude that the district court did not abuse its discretion in granting a preliminary injunction.

The orders of the district court will be affirmed.