**HINDU INCENSE, Plaintiff,**

v.

**Charles MEADOWS and Dorothy Meadows, Defendants.**

**No. 77 C 2213.**

United States District Court,
N. D. Illinois, E. D.

Nov. 10, 1977.

Harold Stotland, Vogel, Dithmar, Stotland, Stratman & Levy, Chicago, Ill., for plaintiff.

Irving M. Weiner, Southfield, Mich., Thomas R. Vigil, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

CROWLEY, District Judge.

Over the years this Court has had occasion to observe instances of procedural nit picking, but this litigation possesses great potential for developing into a classic of that dubious art form. Neither party has missed any opportunity to point out procedural motes in the eyes of their opponents when they should instead be searching for the substantive legal issues in the logjam of this trademark action. They have succeeded not only in harassing each other but also in plucking down to the bare bones of judicial patience with these acrimonious and aggravating diversionary tactics. We are not distracted by these ploys and therefore, deny plaintiff's motion to strike defendant's reply brief for an untimely filing.[1]

Remaining before us, then, is the motion of defendants to dismiss this action pursuant to the Federal Rules of Civil Procedure, 12(b)(2), (3), (4), (6) and (7), or in the alternative to transfer this suit to the United States District Court for the Eastern District of Michigan in Detroit pursuant to 28 U.S.C. § 1404(a). The discovery that has thus far taken place has been restricted solely to the issues of jurisdiction and venue; for the reasons outlined below the motion of defendants to transfer is granted.

This action for trademark infringement and false representations in commerce in violation of the Lanham Trademark Act of 1946, and for trademark infringement and unfair competition at common law, is based

---

1. These maneuvers included the following:

(a) A request by plaintiff for entry of a technical default judgment by the Clerk of the Court against the defendants on July 19, 1977, before the Court had had an opportunity to rule on a motion for extension of time to answer or otherwise plead received by the Court on July 18, 1977. We vacated the technical default and granted defendants' motion for an extension of time.

(b) Disputes conducted by correspondence between counsel concerning unilateral requests for "corrections" in the deposition transcripts.

(c) Plaintiff's motion to strike as untimely filed the reply brief supporting defendants' motion to dismiss. This brief was due on Friday, September 23, 1977 and was mailed from Michigan on that day and received by this Court on Monday, September 26, 1977. "Service by mail is complete upon mailing" according to Rule 5(b) of the Federal Rules of Civil Procedure, and this motion is thus patently frivolous.

on jurisdiction according to the provisions of 28 U.S.C. § 1338 and 15 U.S.C. § 1121; venue is asserted pursuant to 28 U.S.C. § 1391(b).

The plaintiff is an Illinois corporation which manufactures, sells and distributes incense under a GENIE trademark. Defendants are Michigan citizens who reside in Birmingham, Michigan, and are alleged to do business under the name Genie. Plaintiffs claim that on or about March 17, 1977, the defendants came to their business headquarters at 200 North Laflin Street in Chicago and purchased $91.99 worth of incense from Hindu Incense. At that time an invoice for candles, incense and other products, displaying the name "Genie" and two pictorial representations of a genie was viewed in the possession of the defendants. This litigation based on that incident was filed on June 20, 1977.[2]

The defendants were personally served with the summons and complaint in Birmingham, Michigan, under the provisions of the Illinois "Long Arm Statute" [110 I.R.S. § 17(1)(b)] pursuant to Rule 4(d)(7) of the Federal Rules of Civil Procedure. This section which posits personal jurisdiction on the basis of the "commission of a tortious act within this State" should be applied in this case, rather than section (1)(a) which establishes personal jurisdiction because of "the transaction of any business within this State."

■ As the facts are presently known, we agree that the act of merely *purchasing*

incense under the trade name "Genie" does not necessarily create a cause of action for trademark infringement which *arises* out of that sale. The traditional cases cited by plaintiff in support of the contention that personal jurisdiction is appropriate on this foundation are contract cases in which the cause of action was grounded specifically in the details of the sale or contract itself and related activities. *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir., 1971); *Promotion Network, Inc. v. C. DaSilva (Vinhos) S.A.R.L.*, 63 F.R.D. 435 (N.D.Ill. 1974).

However, the purchase in Chicago is supported by deposition testimony of the salesperson and Hindu invoices and order forms made out to "Genie"; also at this time a sales invoice form with a "Genie" logo and the Michigan address was handed to the Hindu salesperson by the purchasers. If trademark infringement is defined as the "commission of a tortious act", these actions may sufficiently allege a cause of action which at least establishes a threshold of jurisdiction. *Sports Car Club of America, Inc. v. Ash*, 193 U.S.P.Q. 99 (Conn.1976). Accordingly, the defendants motion to dismiss for lack of personal jurisdiction will be denied at this time. However, if a more complete record compiled in the future should reveal factors contradicting this preliminary holding, a renewal of the motion would be appropriate.

■ Although we have found threshold jurisdiction for this action, the question of

2. For the purposes of these motions we must accept these facts as uncontroverted. They are detailed in the allegations of the complaint, are supported by the deposition testimony of Hindu incense personnel and are reinforced by the documentary exhibits. In opposition both defendants have submitted purported affidavits which contain affirmations and denials concerning nineteen specific aspects of defendants' business. However, they do not counter any portion of the complaint except to claim that "Paragraphs 2 through 20 of the Complaint are false." Such a statement fails to establish that the affiants are competent to testify to matters which are within their personal knowledge and, thus, it does not constitute evidence which would be admissible at trial as a true affidavit must.

". . . mere denials of the other party's allegations or restatements of the party's own allegations in the affidavit should be disregarded by the court." 6 Pt. 2 *Moore's Federal Practice*, ¶ 56.22[1], at 1318 (2d Ed. 1976).

". . . the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded: [cites omitted] 'A party to an action cannot push the other party out of court by swearing he has no case.' *Belanger v. Hopeman Bros., Inc.*, 6 F.R.D. 459, 461 (Me.1947) in 10 Wright and Miller, *Federal Practice and Procedure* § 2738, at 696–8 (1973).

proper venue involves additional questions to which we must now address ourselves. Under 28 U.S.C. § 1391(b) this type of civil action which is not founded solely on diversity "may be brought only in the judicial district where all defendants reside, or in which the claim arose." Plaintiff contends that if jurisdiction is proper in the Northern District of Illinois, venue is also present under the theory that the claim arose here. We do not agree that such an assumption may automatically be made, but instead believe with Judge Conner (himself a former patent and trademark lawyer) that

The issue turns on whether the words "the claim" in subsection (b) mean the *largest part* of the claim, a *substantial part* thereof, or *any part* thereof.

Unfortunately, the legislative history of the 1966 amendment affords little guidance, containing nothing more informative than a statement to the effect that its purpose was to provide a place of suit more convenient to all parties than was permissible previously. However, the Supreme Court has explained that the object of the amendment was to close a "gap" in the venue laws, which had given plaintiff *no* proper venue for actions against multiple defendants residing in different districts. *Burnette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972).

There is no more in the judicial treatment of the amendment than there was in its legislative history to suggest that it was intended to broaden the choice of venue with respect to "transitory" causes of action like the present, which arise from a multitude of similar acts performed substantially throughout the country. If plaintiff's argument about the meaning of the amendment is correct, a trademark infringer could be sued in *any* district into which it had shipped to a customer or prospective customer, goods or sales literature bearing the infringing mark. If the amendment had really been intended to effect such a drastic expansion of venue in transitory actions, it seems unlikely that Congress would have enacted it without appropriate comment and that the courts would have been equally silent about it in the seven years that have followed. *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y.1974), 890–1.

Utilizing the "weight of contacts" test which has been developed by Judge Conner, and which has been adopted by the Third Circuit as the "more than miniscule" standard in *Tefal, S. A. v. Products International Company*, 529 F.2d 495 (3d Cir., 1976), we can only find a mere vestige of venue in the Northern District of Illinois. The display of the invoice form with the "Genie" logo in Chicago may constitute *some* part of the claim of trademark infringement, but it surely cannot be regarded as either a substantial part or the largest part of such claim; it is at the most a scintilla of substance, which is more than nothing, but does not amount to anything. Any real controversy between these parties is much more obviously grounded in Michigan where defendants live, have registered their business under the allegedly infringing trademark name, and are buying and selling merchandise.

In the light of these circumstances transfer of this litigation is appropriate. ". . . a ruling of improper venue will not deprive plaintiff of any substantive rights, but merely force it into another district where a much greater volume of the allegedly infringing business has been conducted." *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 892 (S.D.N.Y.1974). Therefore, instead of dismissing this action for want of proper venue, we grant the alternate motion of defendants for transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Michigan as a venue where the action might have been brought; venue clearly is proper there under the requirements of 28 U.S.C. § 1391(b), the original jurisdictional basis of this action, for it is the "judicial district where all defendants reside."

Consideration of all the remaining substantive motions to dismiss will be reserved for the transferee court.