**McDONALD'S CORPORATION, Plaintiff,**

**v.**

**CONGDON DIE CASTING COMPANY, d/b/a MacDonald's Home Products, and Venture Stores, Inc., Defendants.**

**No. 77 C 4079.**

United States District Court, N. D. Illinois, E. D.

June 12, 1978.

Robert E. Wagner, Wagner & Aubel, Chicago, Ill., William G. Horne, McDonald's Corp., Oak Brook, Ill., for plaintiff.

Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

This is a suit for trademark infringement, unfair competition, dilution, deceptive trade practices, and consumer fraud brought pursuant to federal, state, and common law. Plaintiff McDonald's Corporation is incorporated in Delaware with its principal place of business in Illinois. Defendant Congdon Die Casting Company d/b/a MacDonald's Home Products is a Michigan corporation with its principal place of business in Michigan. Defendant Venture Stores, Inc. is alleged to be a Delaware corporation. This action arises out of defendants' advertising and sale of Congdon Die's electric cookware in this district, whose marks allegedly inter-fere with those owned and federally registered by plaintiff. By this action, plaintiff seeks a declaratory judgment that it owns and has superior rights in the marks in question, an injunction restraining further infringement, and an accounting. Jurisdiction for this action is invoked pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Venue is placed in this district pursuant to 28 U.S.C. § 1391.

The cause is before the court for ruling on Congdon Die's motion to dismiss for improper venue pursuant to Rule 12(b)(3), Fed.R.Civ.P., or to transfer this action to the United States District Court for Michigan pursuant to 28 U.S.C. §§ 1404(a) and 1406(a); and Venture's motion to transfer pursuant to 28 U.S.C. § 1404(a) or, in the alternative, for a stay of these proceedings. Venture's motion is contingent on this court's disposition of Congdon Die's motions. Briefly, if this court transfers the action against Congdon Die, Venture asks that the case against it be transferred or, in the alternative, stayed pending disposition of the Michigan action.

The parties have submitted affidavits and excerpts from depositions to support their respective positions. In addition, the court has examined this suit in light of two other suits pending before the court which involve similar issues.[1] From the documents submitted to the court, the following appear to be the relevant facts.

I.

Congdon Die Company is a Michigan corporation which carries on a substantial part of its commercial activities in Michigan. It is responsible for shipments of the alleged infringing products into this district. It maintains an independent sales representative in this district whose responsibility it is to solicit sales of the putative offending products on behalf of Congdon Die, although Congdon Die itself does no selling in

---

1. This case relates to the very same issues which have been raised in parallel actions before this very court. *Scovill Manufacturing Company v. Congdon Die Casting Company and Venture Stores, Inc.*, Civil Case 76 C 3715; and *Congdon Die Casting Company v. Scovill Manufacturing Company*, Civil Case 76 C 4733.

In an order issued February 10, 1978, this court has already intimated the view that a just and efficient adjudication of these suits in part rests on a determination of the claims now raised in this action. This action has been consolidated with the other related actions for purposes of discovery and discovery has already begun.

this district. Congdon Die participates in houseware shows held in this district. It advertises in this district and through its executives has solicited business in this district. Furthermore, Congdon Die ships products with the alleged infringing marks into this district. In this regard, the following facts are pertinent:

Less than 2% of all products Congdon sells under the MAC DONALD'S and MIGHTY MAC trademarks, are shipped by Congdon into the Northern District of Illinois.

To the best of my knowledge, less than three percent (3%) of all goods sold by Congdon under the MAC DONALD'S and MIGHTY MAC trademarks are marketed in the Northern District of Illinois.[2]

In addition to these facts, plaintiff offers to supply this court with information showing that defendant's sales activity in connection with Venture Stores in this area is considerable.

## II.

Defendants' motions to dismiss or transfer this cause are based on the foregoing facts. Essentially, Congdon Die argues that venue cannot be placed in this district because insofar as 28 U.S.C. § 1391(b) is concerned, it is clear that the claim does not arise in this district. This argument is based on the proposition that unless a substantial part of the acts giving rise to liability occurred here, vis-à-vis another district such as the Western District of Michigan, this court cannot conclude that venue in this district is proper. Congdon also argues that insofar as 28 U.S.C. § 1391(c) is concerned, it is not "doing business" in this district and venue is not properly placed in this district.

■ Venue relates to the place where suit must be filed; and the federal venue statute provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. 28 U.S.C. § 1391(b).

Federal venue provisions must be construed with reference to federal, not state law. See *Rensing v. Turner Aviation Corporation,* 166 F.Supp. 790 (N.D.Ill.1958).

Prior to 1966, 28 U.S.C. § 1391(b) provided that suit could be brought only in the district where all defendants resided. In 1966, the statute was amended to allow plaintiffs the additional right to bring suit where the claim arose. 1 Moore's Federal Practice ¶ 0.142 [5.–1–1] (1977). The question of where a claim arose is governed by federal law. See *Commercial Lighting Products, Inc. v. United States District Court,* 537 F.2d 1078 (9th Cir. 1976). Nevertheless federal courts have disagreed on the approach to the problem of defining and articulating where a claim arises.

In a transitory action, one which arises from a great many similar acts performed throughout the country, some courts suggest that 28 U.S.C. § 1391(b) does not allow a plaintiff to bring suit in a district where any part of the claim arose, however miniscule. These courts adopt a weight of the contacts approach and the question of venue turns essentially on the amount of contacts defendant has had with the proposed forum.[3]

At least one court in this district has adopted the weight of the contacts approach in a trademark infringement suit, while determining how much activity on the part of a defendant in any one district is sufficient to give rise to the assertion of venue under 28 U.S.C. § 1391(b). In *Hindu*

---

**2.** Excerpts from the affidavit of Robert MacDonald, president of Congdon Die Casting Company. In his deposition testimony, MacDonald candidly admitted that he did not prepare these figures, although he believes them to be accurate. The figures appear somewhat inaccurate or incomplete. They are based on commission sales only and do not reflect sales made in this district on a non-commission basis, even though such sales are made.

**3.** The weight of the contacts test has been applied with equal force to a wide variety of actions, including anti-trust actions. See, e. g., *ABC Great States, Inc. v. Globe Ticket Company,* 310 F.Supp. 739 (N.D.Ill.1970).

*Incense v. Meadows,* 439 F.Supp. 844 (N.D. Ill.1977), plaintiff brought suit for federal trademark infringement and unfair competition. In ruling on defendants' motions to dismiss or to transfer for improper venue, Judge Crowley held that in a transitory action venue is not properly placed in a district where defendant's commercial activities giving rise to the suit amount to no more than a scintilla of substance.

Judge Crowley's opinion is based on the leading case of *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D. N.Y.1974). In this case, plaintiff brought suit for trademark infringement in New York against a California corporation. Venue was based on 28 U.S.C. § 1391(b) and (c). The California corporation's contact with New York was minimal. During the period in question, the defendant corporation received three mail orders for the alleged infringing products from New York with a total retail value of $37 representing an almost infinitesimal amount of its nationwide aggregate sales activity.

In addressing himself to the question of whether venue was properly placed in New York, Judge Conner, a former patent lawyer, held that the weight of the contacts test should not be so literally applied as to exclude suit in any district other than where the greatest amount of infringing activity is carried on, but only that the claim should not be deemed to arise where defendant has only miniscule contact. Contrary to the assertion made in defendant's brief, this case does not stand for the proposition that venue is proper only where defendant has engaged in a substantial amount of activity; Judge Conner pointedly eschewed taking such a position. Accordingly, case commentators and at least one circuit have interpreted the test in *Honda* as being the "more than miniscule" test. *Tefal, S.A., v. Products Intern. Co.,* 529 F.2d 495, 497 (3d Cir. 1976); 1 Moore's Federal Practice ¶ 0.142 [5–2] (Cum.Supp.1978).

 Although other approaches to the problem may be made,[4] this court adopts the general weight of the contacts approach. And applying it, the court concludes that defendant's contacts with this forum are a sufficient basis on which to place venue in this district pursuant to 28 U.S.C. § 1391(b). The sales figures represented thus far may, in line with *Tefal, S.A. v. Products Intern. Co., supra,* be considered substantial; in the least they are more than miniscule.

### IV.

Accordingly, in keeping with established principles, the court holds that venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b). Therefore, Congdon Die's motions to dismiss pursuant to Rule 12(b)(3), Fed.R.Civ.P. or to transfer pursuant to 28 U.S.C. § 1406(a) are denied. Because of this disposition, Venture's motions to transfer or stay are likewise denied. Finally, in keeping with the views expressed by this court, the interests of convenience and justice would not be served by a transfer of this case to the United States District Court for the Western District of Michigan. Therefore, Congdon Die's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

So ordered.

---

4. See *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184 (D.Del.1974).