**GOLD EAGLE CO., Plaintiff,**

v.

**Bernard A. LI and other partners, doing business as Eagle One Industries, Defendants.**

**No. 79 C 1594.**

United States District Court, N. D. Illinois, E. D.

March 17, 1980.

George H. Gerstman, Pigott & Gerstman, Ltd., Chicago, Ill., for plaintiff.

Fred S. Lockwood, Lockwood, Dewey, Alex & Cummings, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This cause comes before the Court on defendant's motion to stay or, alternatively,

to transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California for consolidation with a pending action.

Gold Eagle Company brought this action against Bernard A. Li and other partners[1] d/b/a Eagle One Industries on April 19, 1979. The complaint alleges trademark infringement, unfair competition and false representation. Jurisdiction is asserted under 15 U.S.C. § 1221 and 28 U.S.C. § 1338. Five months later, on September 12, 1979, Eagle One filed a declaratory judgment action in the Central District of California. The California action involves parties and issues identical[2] to the Illinois action. Since both parties agree that the controversy should proceed in one court, the issue is which court is the proper forum.

Gold Eagle, a manufacturer and distributor of automotive chemical products, is an Illinois corporation. Its products are sold under two registered trademarks.[3] According to Gold Eagle's allegations, Eagle One, a California partnership, is selling similar products under a similar trademark. Eagle One, operating from its sole place of business in California, sells its products throughout the United States.

Eagle One supports its motion to stay or transfer with several arguments. First, it states that although Gold Eagle filed its action in April, Eagle One was not served until after its California action was initiated. Eagle One implies that Gold Eagle filed the original action merely to harass Eagle One and charges that Gold Eagle did not prosecute its suit diligently until the second suit was filed. In contrast, Eagle One avers that its desire for a prompt resolution of the controversy motivated it to file the second action.

Next, Eagle One claims that California is the district in which: 1) the defendant resides; 2) where all Eagle One's business records and witnesses are located; and 3) where the alleged tort was initially committed. It contends that its Illinois contacts are de minimus because Illinois sales amount to less than 1½% of its total sales since February, 1978. Further, Eagle One asserts that it has no bank accounts, personal or real property, business offices or employees in Illinois. Finally, it maintains that because a trademark infringement action is transitory, proper venue is determined by applying the "weight of contacts" test and reasons that there is no basis for venue in the Northern District because only an insubstantial part of the alleged misconduct occurred here.[4] Defendant contends that the interest of justice can best be

1. The complaint was filed against Bernard A. Li, and other partners to be named when known, d/b/a Eagle One. No other partners have ever been named and in his affidavit, Li states that he is "the sole and only general partner" of Eagle One.

2. There is contradictory evidence on this issue. Defendant has consistently maintained that both actions involve identical issues. In contrast, the plaintiff has alternatively represented the issues as identical, or similar, but not identical. Compare Plaintiff's Memorandum in Opposition to Defendant's Motion to the transcript of an informal hearing on the California action before Judge Byrne, attached to Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion. It is unnecessary to resolve this contradiction because resolution of the motion to stay or transfer does not turn on whether the issues are identical or merely substantially similar.

3. Trademark Registration No. 860,868, issued November 26, 1968, covers automatic transmission fluid, hydraulic jack, knee action and shock absorber oil, penetrating oil and silicone lubricant. Trademark Registration No. 899,478, issued September 29, 1970, covers windshield washer solvent, carburetor and parts cleaner, car wash concentrate, and glass cleaner.

4. Defendant relies primarily on the following cases: Lamont v. Haig, 192 U.S.App.D.C. 8, 590 F.2d 1124 (D.C.Cir. 1978); Metropa Co. Ltd. v. Choi, 458 F.Supp. 1052 (S.D.N.Y.1978); Hindu Incense v. Meadows, 439 F.Supp. 844 (N.D.Ill.1977); Volk Corp. v. Art-Pak Clip Art Service, 432 F.Supp. 1179 (S.D.N.Y.1977); Transamerica Corp. v. Transfer Planning Inc., 419 F.Supp. 1261 (S.D.N.Y.1976) as well as an unpublished opinion issued by this Court in Griffin v. Gates, 78 C 4295, June 15, 1979. Defendant's reliance on these cases is misplaced, for in all of these cases the contacts with the forum were far more attenuated than in this case.

served by staying the Illinois action or transferring it to California.

In response, Gold Eagle asserts that the controversy should be tried in the court first acquiring jurisdiction and charges that the California lawsuit was filed in an attempt to deprive plaintiff of the right to choose the forum. Gold Eagle alleges that any delay in the Illinois action was caused, not by its lack of diligence but by Eagle One's efforts to avoid service.[5]

Gold Eagle alleges that under 28 U.S.C. § 1391(b) venue is proper in the Northern District as the place where the claim arose. It bases its contentions on the fact that Eagle One advertised in national publications which were circulated here and sold products, accepted merchandise orders and participated in an automotive trade show in this district. Additionally, Gold Eagle alleges that Eagle One distributed business cards at the trade show listing Chicago as one of its places of business. Gold Eagle asserts that its choice of forum should not be disturbed because it filed first and because Eagle One's percentage of business in Illinois exceeds Gold Eagle's percentage of business in California.

■ A civil action not founded solely on diversity of citizenship may be brought in the district where all the defendants reside or in which the claim arose. 28 U.S.C. § 1391(b). While the meaning of the word "claim" has not been precisely defined, it is clear that "the claim should not be deemed to have arisen in a district in which the defendant has had only miniscule contact . . . ." *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 892 (S.D. N.Y.1974). Accord *Tefal, S.A. v. Products International Co.*, 529 F.2d 495 (3rd Cir. 1974). Thus, under Section 1391(b), venue in a "transitory" cause is proper only in those districts in which the trademark infringer has had significant activities. The mere fact that the infringer sent goods or

sales literature bearing the infringing mark into the district cannot be the basis of venue. *See Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261 (S.D.N.Y. 1976).

■ Eagle One has had more than "miniscule contact" with the Northern District. Not only has it caused advertisements to be circulated in this district, but it is undisputed that Eagle One has negotiated sales, participated in a major trade show and solicited orders in Chicago. These activities constitute more than a "mere vestige of venue". *Hindu Incense v. Meadows*, 439 F.Supp. 844, 847 (N.D.Ill.1977). *See also Dairy Industries Supply Association v. LaBuy*, 207 F.2d 554 (7th Cir. 1953). Accordingly, venue is proper in the Northern District.

■ Despite the fact that venue is proper in this district, under 28 U.S.C. § 1404(a), the Court may, in its discretion, transfer this action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. A determination of whether transfer is appropriate requires that equal consideration be given to availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining witnesses' attendance, the place where the wrong occurred, ease and expense of trial and the pendency of another lawsuit. *Coats Co., Inc. v. Vulcan Equipment Co., Ltd.*, 459 F.Supp. 654 (N.D.Ill.1978), *Lase Co., Inc. v. Wein Products, Inc.*, 365 F.Supp. 911 (N.D.Ill.1973).

■ Since the sole defendant resides in California, the threshold requirement of the proposed transferee district is met. The next consideration is the convenience of the parties and witnesses. An affidavit submitted in support of defendant's motion states that all Eagle One's records and wit-

---

5. Gold Eagle states that between April and October, it attempted to serve the defendant fifteen times and infers that both Eagle One and Bernard Li purposely prevented publication of their current addresses. In support of this allegation, Gold Eagle states that although Eagle One was required to file with the Orange County clerk under the Assumed Name Statute the addresses on file were obsolete. Gold Eagle also alleges that the telephone directory did not list Li's current address.

nesses, as well as its sole place of business, is in California. Similarly, Gold Eagle states that it has no contacts with California and that its employees, records, witnesses and manufacturing operations are all in Chicago. Under these circumstances the convenience of the parties is a neutral factor.

Thus, the interest of justice is the determining factor here. Absent unusual circumstances, the party filing first should be free from "the vexation of concurrent litigation." *Martin v. Graybar Electric Co. Inc.*, 266 F.2d 202 (7th Cir. 1959). *Accord, Ellicott Machine Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178 (4th Cir. 1974); *Galco Food Products, Ltd. v. Goldberg*, 171 U.S. P.Q. 379 (N.D.Ill.1971). Eagle One has alleged no unusual circumstances to justify shifting the burden of inconvenience. In view of the fact that Gold Eagle filed first in Illinois where it has substantial contacts, and diligently effected service of process, it is entitled to litigate its cause in this forum.

Accordingly, defendant's motion to stay or transfer is denied.