**FOLLETT COLLEGE STORES CORPORATION, Plaintiff,**

v.

**Anthony FERNANDEZ, Steven Fernandez, and Brian Fernandez, Defendants.**

No. 84 C 1363.

United States District Court, N.D. Illinois, E.D.

July 24, 1984.

Eugene L. Resnick, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Norman T. Finkel, Robert D. Allison, Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., Chicago, Ill., Arthur M. Lerner, Creaves, Lerner & Kirchner, Champaign, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is the defendants' Motion to Dismiss or Transfer the instant lawsuit based on improper venue. For the reasons stated herein, the Motion to Dismiss is denied and the Motion to Transfer is granted.

Plaintiff Follett is a corporation with its headquarters in Chicago, Illinois. The defendants were employees of the plaintiff. Anthony "Tony" Fernandez was plaintiff's midwest regional manager and maintained an office in Champaign, Illinois. Steven Fernandez was manager of plaintiff's three bookstores in West Lafayette, Indiana, while Brian Fernandez was plaintiff's general merchandise coordinator for the midwest region with his office in Champaign, Illinois.

### I.

Follett brought Count I of the instant suit in this district under Title IX of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–68 (The Racketeer Influenced and Corrupt Organizations Act (the "RICO Act")). In Counts II through V, respectively, Follett sues for conversion, seeks an accounting, alleges a breach of fiduciary duty, and seeks a decree of formation of a constructive trust. Follett contends that the Fernandezes used their combined control over Follett's midwest region bookstores to falsify accounting procedures and reports for store operations, manipulate and misrepresent store inventory, use Follett's assets for the defendants' personal expenses and benefit, and conceal the above conduct from Follett.

Follett argues that the RICO Act claim arose within this district as this was where false and misleading documents were received through the mail and where telephone calls were received from the defendants as part of an alleged conspiracy and scheme to defraud Follett. Venue under the RICO Act is controlled by 18 U.S.C. § 1965(a), which states:

> Any civil action or proceeding under this chapter [18 U.S.C. § 1961–68] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

The defendants state that venue for Follett's RICO Act claim is improper in this district under 18 U.S.C. § 1965(a) and therefore that plaintiff's action should be dismissed. Alternatively, the defendants state that venue should be transferred to the Central District of Illinois for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

### II.

■ Generally, in a RICO Act claim a "weight of the contacts" test is applied to determine proper venue under 18 U.S.C. § 1965(a). *Farmers Bank of State of Del. v. Bell Mortg. Corp.*, 452 F.Supp. 1278 (D.C.Del.1978). To meet this test for venue, the plaintiff must show that there is venue over the defendant due to the latter's contacts with the forum district. *Id.* at 1281.

The defendants argue that their only contacts with this district which relate to the subject matter of Follett's suit were the mailing of documents and the making of telephone calls to persons within this district. Based on a review of the complaint and related memoranda from the parties, this Court agrees.

Follett alleges that the defendants had complete control over all operational and accounting information reported to Follett's Chicago headquarters from the mid-

west regional offices in Champaign. However, Follett bases its claim on the alleged falsification of accounting reports, manipulation of store inventory, and misuse of assets and funds by the defendants originating at its regional office in Champaign and its bookstores in Champaign and West Lafayette. Follett alleges that the defendants used their control of the bookstores to purchase personal items with Follett assets, maintain an off-the-book account with a Champaign office machine store, and take petty cash from bookstore safes. Follett does not allege that the defendants reside, have an agent, or transact any of their affairs in this district.

As shown by the complaint, it is clear that virtually all of the alleged activities concerning Follett's cause of action took place in either Champaign or West Lafayette. The defendants' only contacts with this district were minimal and involved document mailings and telephone calls originating from outside of this district.

Follett argues that the "weight of the contracts" rule recognizes that venue lies, and a claim arises, in any district where contacts are "more than miniscule."[1] Follett contends that the defendants came into this district to transact their affairs. Follett states specifically that Anthony Fernandez made 35 trips into this district since 1979.

Although the various defendants may have made numerous trips into this district, Follett does not allege or support the proposition that these trips relate directly to the subject matter of this suit. Follett's only allegations which relate directly to this district and to the subject matter of this suit are the mailings and telephone calls. Therefore, in considering the various forms of contact alleged against the defendants, this Court finds that Follett fails to meet its own imposed standard of showing that the defendants' contacts with this district were more than "miniscule." *See Hindu Incense v. Meadows*, 439 F.Supp. 844, 847 (N.D.Ill.1977).

■ Essentially, this district is a forum unrelated to the heart of the instant lawsuit. A clear majority of the acts alleged in Count I of Follett's complaint refer to operation of its business outside of this district.[2] While plaintiff's choice of forum is important, it has reduced value where, as here, the chosen forum lacks significant contact with the underlying cause of action. *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill. 1982).

■ Clearly the weight of the Fernandezes' own contacts relating to this suit lean in favor of venue for Count I to be located in the Central District of Illinois. However, as venue for Count I under the RICO Act, 18 U.S.C. § 1965(a), *may* be proper in the Northern District of Illinois, in the interest of justice and to protect the continuation of Follett's claim, this Court finds that a transfer of Count I is preferable to a dismissal of the entire suit. *See Troyer v. Karcagi*, 488 F.Supp. 1200, 1206 (S.D.N.Y.1980).

Where there is a dispute as to whether general or specific venue provisions apply, the case may be transferred to the district where venue cannot be questioned. *Clayton v. Swift & Co.*, 132 F.Supp. 154, 158 (E.D.Va.1955).[3] As Follett's complaint shows, a clear majority of alleged acts by the Fernandezes took place in Champaign, Illinois. Based on the defendants' own con-

---

**1.** Follett's Response to the Fernandez Defendants' Motion to Transfer Venue, page 7, citing *McDonald's Corp. v. Congdon Die Casting Co.*, 454 F.Supp. 145, 148 (N.D.Ill.1978); *Hindu Incense v. Meadows*, 439 F.Supp. 844, 847 (N.D.Ill. 1977).

**2.** Paragraphs 9 and 10 of Follett's complaint list twenty specific overt acts alleged against the defendants that took place in or originated from Champaign or West Lafayette.

**3.** The general venue statute is 28 U.S.C. § 1391. In *Clayton,* the specific venue statute was 28 U.S.C. § 1400, which applies to patent infringement claims. *See Clayton,* 132 F.Supp. at 156. The specific venue statute in the instant case is 18 U.S.C. § 1965(a), which applies to RICO Act claims.

**1054**

tacts with that district, RICO Act venue is unquestionably proper in the Central District of Illinois. *See Farmers Bank*, 452 F.Supp. at 1281. However, it is questionable whether the defendants' telephone calls, document mailings, or alleged trips into this district establish RICO Act venue in the Northern District of Illinois due to their own contacts here. *See Id.*

From the foregoing, it is clear that the U.S. District Court for the Central District of Illinois is far a preferable forum to this one in which to proceed with Count I of this suit. The defendants have moved for venue transfer under 28 U.S.C. § 1404(a),[4] which allows transfer where the original venue was proper. It is questionable whether venue for Count I was proper under the RICO Act, 18 U.S.C. § 1965(a). However, it is unnecessary for the Fernandezes to elect between 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a)[5] since the statutes each confer authority to transfer this suit whether or not venue was originally proper in this district. *Troyer*, 488 F.Supp. at 1206.

### III.

 In the interests of justice and judicial economy, this Court finds that Counts II through V should be transferred to the Central District of Illinois along with Count I. All five counts relate to the same occurrences and share common allegations. Transfer of related counts to the same forum is favored in order to avoid duplicitous litigation, inconsistent results, and associated waste of time and money of the court, the parties, and the witnesses. *Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 393 (S.D.N.Y.1975).

### IV. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss is denied, but the Motion

---

4. 28 U.S.C. § 1404(a) states:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

5. 28 U.S.C. § 1406(a) states:

to Transfer under 28 U.S.C. § 1404(a) is granted. The cause is ordered transferred to the District Court for the Central District of Illinois.

IT IS SO ORDERED.

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.