**SO–COMM, INC., an Ohio corporation, Plaintiff,**

**v.**

**David L. REYNOLDS and Paul E. Hanson, Defendants.**

**No. 84 C 9571.**

United States District Court, N.D. Illinois, E.D.

April 29, 1985.

John C. Tucker, Eugene R. Wedoff, Helene M. Kardell, Jenner & Block, Chicago, Ill., for plaintiff.

John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss for improper venue or, in the alternative, to transfer the case to the United States District Court for the Southern District of Ohio. For reasons stated herein, defendants' motion to dismiss is denied and defendants' motion to transfer is granted.

## I. FACTS

Plaintiff So-Comm, Inc. brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") predicat-

ed on fraud in the sale and subsequent financing of cable television systems in Clermont County, Ohio. So-Comm is an Ohio corporation with its principal place of business in Ohio. The defendants David L. Reynolds and Paul E. Hanson are both residents of Ohio, work in Ohio, and have no business or property in Illinois.

So-Comm's business is the construction, marketing and operation of cable television systems. Reynolds is one of the three directors of So-Comm. Hanson is the controller of Clermont Satellite Services, Inc. ("CSS"), an Ohio corporation that contracted with So-Comm in 1983 to construct cable systems and to perform certain management services. Reynolds is the controlling shareholder, director and officer of CSS.

The following facts are assumed true for purposes of this motion. In 1983, Reynolds obtained cable television franchises for a number of municipalities and townships in Clermont County, Ohio. After acquiring these franchises, Reynolds proved unable to develop them because he lacked sufficient capital. He therefore decided to sell the franchises. A broker of investment opportunities in the cable communications industry residing in Illinois put Reynolds in contact with Terrell Isselhard of Chicago. On several occasions, Reynolds visited Chicago to discuss the cable system franchises with Isselhard and Isselhard's law partner, Clement J. Carroll. Isselhard and Carroll are also directors of So-Comm.

At these meetings, Reynolds made various representations to Isselhard and Carroll about the franchise and number of Ohio "house counts" available. The organizations responsible for undertaking the "house counts" were RCH Cable Marketing, and CSS, both Ohio Corporations. Reliance on the "house count" information was important in securing a loan agreement with the Huntington National Bank of Northeast Ohio and in forming two related Illinois partnerships, the Clermont Cablevision Investment Limited Partnership and the Clermont Cablevision Operating Partnership. The partnerships were to acquire and invest in the Ohio cable system franchises and So-Comm was to benefit from the loan agreement.

In mid July, Isselhard undertook an investigation of Reynolds' and Hanson's representation of the franchise area "house counts," which were allegedly overestimated. The results of that investigation, among other things, eventually led to this lawsuit. Another suit is pending between So-Comm and Reynolds and Hanson in an Ohio state court. That case is No. 84–CV–0764 in the Clermont County Court of Common Pleas involving allegations of common law fraud.

Defendants move this Court to dismiss this action for improper venue or, in the alternative, to transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. *Venue*

Under the "weight of contacts" test, applied to determine proper venue under both 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b), the Court finds that the Northern District of Illinois has sufficient contacts with the underlying cause of action and consequently venue in this district is proper. *See Follett College Stores Corp. v. Fernandez,* 587 F.Supp. 1051 (N.D.Ill.1984).

Section 1391(b), 28 U.S.C., provides, in part, that an action such as the present one (where jurisdiction is not based solely upon diversity of citizenship) may be brought "in the judicial district in which the claim arose." *Id.* Venue for RICO claims may be grounded upon section 1391(b). *Farmers Bank of the State of Delaware v. Bell Mortgage Corp.,* 452 F.Supp. 1278, 1280–81 (D.C.Del.1978). Venue for RICO claims may also be grounded upon 18 U.S.C. § 1965. Venue under 18 U.S.C. § 1965 states:

> any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such per-

son resides, is found, has an agent, or transacts his affairs.

Venue for So-Comm's RICO act claim is proper in this district under both 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.

■ According to the complaint and affidavits submitted by the parties, Reynolds sold his cable franchises to Illinois investors. Two Illinois agents, both residents of Illinois, conducted the franchise operations for Reynolds. Once contact was established by his agents, Reynolds visited Chicago on several occasions to discuss the progress of the franchises with Isselhard and Carroll. Also, two Illinois partnerships, the Clermont Cablevision Investment Limited Partnership and the Clermont Cablevision Operating Partnership, were established in Illinois to acquire and operate the cable franchises. Furthermore, negotiations concerning the sale of the cable franchises took place in Illinois.

The negotiations contained various representations that Reynolds made to Isselhard and Carroll. Some of these representations were crucial to the forming of the Illinois partnerships and to Isselhards' decision to negotiate a loan agreement for So-Comm with the Huntington National Bank of Northeast Ohio. Therefore, since Reynolds made several trips to Illinois which, in part, gave rise to this suit, this Court finds that So-Comm's RICO claim "arose" in Illinois for purposes of 28 U.S.C. § 1391(b). Additionally, because defendants had "agents" in Illinois and "transacted affairs" in Illinois, this Court finds that venue is also proper under 18 U.S.C. § 1965(a).

The Court distinguishes the facts of *Follett College Stores Corp. v. Fernandez,* 587 F.Supp. 1051 (N.D.Ill.1984), from the facts of this case. In *Follett,* this Court found that "[a]lthough the various defendants may have made numerous trips into this district, Follett does not allege or support the proposition that these trips relate directly to the subject matter of this suit." *Id.* at 1053. Consequently, in *Follett,* this Court found that "... the chosen forum lack[ed] significant contacts with the underlying cause of action." *Id.*

In this case, however, So-Comm alleges specifically that Reynolds' trips to Illinois related directly to this RICO action. Hence, this Court finds that the chosen forum, the Northern District of Illinois, has sufficient contacts with the underlying cause of action for purposes of 18 U.S.C. § 1965(a) venue and 28 U.S.C. § 1391(b) venue. Defendants' motion to dismiss is therefore denied.

### B. *Transfer*

■ In order to meet § 1404(a) requirements, the movant must establish "(1) that venue is proper in the transferor district; (2) that the transferor court has the power to transfer the case (that is that the transferee court is in a district 'where it might have been brought'); and (3) that the transfer is for the 'convenience of the parties and witnesses in the interest of justice.'" *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1050 (N.D.Ill. 1982).

Venue is proper in this district for the reasons stated above. Additionally, this action could have been brought in the United States District Court for the Southern District of Ohio, which has proper venue and jurisdiction, because defendants reside in Clermont County, Ohio. Exhibit A to Reynolds' Affidavit, at ¶s 5 and 6. Accordingly, requirements (1) and (2) are met. This Court now turns to requirement (3).

### 1. *Convenience of the Parties*

■ Before granting a motion to transfer, the Court must consider the convenience of the parties, convenience of the witnesses and the interests of justice, while giving weight to plaintiff's choice of forum. Yet, the Court gives less weight to plaintiff's choice of forum in a motion to transfer than a motion to dismiss for *forum non conveniens. Cunningham v. Cunningham,* 477 F.Supp. 632, 634 (N.D.Ill.1979). Furthermore, the plaintiff's choice of forum is entitled to less consideration when he is not a resident of the forum district. *Pesin v. Goldman, Sachs & Co.,* 397 F.Supp. 392 (S.D.N.Y.,1975). *See also New Images Inc. v. Travelers Indem. Co.,* 536 F.Supp. 58 (E.D.Pa., 1981). Therefore, the

plaintiff's choice of forum, for purposes of this motion to transfer, is but one factor for the Court to consider. *General Signal Corp. v. Western Electric Co.*, 362 F.Supp. 878, 880 (N.D.Ill.1973).

In this case, Reynolds and Hanson are residents of the Southern District of Ohio. Both defendants are employed in Ohio. So-Comm is a corporation organized and existing under the laws of the state of Ohio which maintains its sole place of business in Clermont County, Ohio. Therefore, transfer of the case from the Northern District of Illinois to the Southern District of Ohio would pose no inconvenience to any party and, in fact, would be more convenient for all parties.

### 2. *Convenience of the Witnesses and Interests of Justice*

■ In analyzing the convenience of witnesses, this Court must consider not only the number of potential witnesses, but also the nature and quality of their testimony in relationship to the issues of the case. *Environmental Services Inc. v. Bell Lumber and Pole Co.*, 607 F.Supp. 851, 854 (N.D.Ill.1984). In this case, the majority of witnesses and bulk of the documentary evidence are located in Ohio, except for two shareholders of So-Comm, Isselhard and Carroll, who reside in Illinois. Plaintiff's racketeering claims concern both the "house counts" in Clermont County Ohio, conducted by two Ohio marketing firms, and the financing arrangement with the Huntington Bank of Ohio. Since neither the marketing firms nor the Huntington Bank are parties to this case, their employees are beyond the subpoena power of this Court.

Additionally, the organizations that undertook the "house counts" in connection with the marketing of the cable systems are RCH Cable Marketing, and Clermont Satellite Services, Inc., both located in Ohio. These organizations are not parties to this litigation and their ten employees, two of which already have given depositions and four others that have promised depositions, are beyond the subpoena power of this Court. There are no Illinois witnesses with knowledge of the Ohio "house count" figures. Moreover, the basis for plaintiff's racketeering claims concerns financing alleged to have been fraudulently obtained from the Huntington Bank of Cleveland, Ohio. That bank is also not a party to this case. The loan agreement was negotiated, executed and performed in Ohio. The bank officer responsible for that account is a resident of Ohio and beyond the subpoena power of this Court. Consequently, transferring this action to the United States District Court for the Southern District of Ohio would serve the convenience of the witnesses.

Therefore, it is in the interest of justice and for the convenience of the witnesses that this suit be transferred to the United States District Court for the Southern District of Ohio. The Ohio forum is clearly more convenient for the majority of witnesses involved in this litigation. Additionally, the compulsory process, assuring attendance of unwilling witnesses, is available to more witnesses in the Ohio forum.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied and defendants' motion to transfer to the United States District Court for the Southern District of Ohio is granted.

IT IS SO ORDERED.