**VICTORIA STATION, INC., a corporation, Plaintiff,**

v.

**CLAREFIELD, INC., a corporation, Defendant.**

**Civ. A. No. 78–1068.**

United States District Court, W. D. Pennsylvania.

Oct. 19, 1978.

David A. Borkovic, Pittsburgh, Pa., for plaintiff.

Robert R. German, Pittsburgh, Pa., for defendant.

## OPINION

ZIEGLER, District Judge.

Presently before the court is the motion of plaintiff, Victoria Station, Inc., for a preliminary injunction. Plaintiff alleges that defendant, Clarefield, Inc., has infringed upon plaintiff's trademark, "VICTORIA STATION," in violation of the Lanham Act, 15 U.S.C. § 1051, et seq. After careful consideration of the briefs of the parties and the evidence adduced at the hearing of October 16, 1978, the court finds as follows:

### I.  Findings of Fact

1.  Plaintiff, Victoria Station, Inc., is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at Wood Island, Larkspur, California.

2.  Plaintiff operates 83 restaurants throughout the United States, one of which is located in Monroeville, Pennsylvania.

3.  Of these 83 restaurants, 79 are operated and presented to the public under the trade or service mark, "VICTORIA STATION."

4.  In the course of its business, plaintiff is extensively engaged in the purchasing of real estate for development of new restaurants.

5.  Negotiations are presently underway for the opening of new restaurant sites in Downtown Pittsburgh and the South Hills area of Pittsburgh.

6.  Plaintiff has continuously used the trademark "VICTORIA STATION" since 1969 in connection with its business and advertising.

7.  On March 21, 1978, the United States Patent Office granted federal registration to plaintiff for the service mark, "VICTORIA STATION" for Restaurant and Bar Services in Class 42 at registration number 1,087,888.  Plaintiff owns the registration, and it is in full force and effect.

8.  On January 4, 1972, the United States Patent Office granted federal registration to plaintiff for the service mark which includes the words "VICTORIA STATION" for Restaurant Services in Class 100 at registration number 926,568.  Plaintiff owns the registration, and it is in full force and effect.

9.  Plaintiff's sales exceeded the sum of $100,000,000 during the past year.

10.  Plaintiff spent in excess of 2 million dollars in various types of advertising during the past year.  (See Exhibits A, B, D, & F.)

11. Through advertising and promotion of its "VICTORIA STATION" restaurants, and by reason of favorable public acceptance of its high quality food and services, plaintiff's trademark "VICTORIA STATION" is an asset of great value as a symbol of plaintiff.

12. Defendant, Clarefield, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, and maintains its principal place of business at 1413 Pittsburgh Street, Cheswick, Pennsylvania.

13. Defendant is engaged in developing real estate located at the Stevenson Building, 6000 Penn Circle, Pittsburgh, Pennsylvania. The development is a shopping mall under the fictitious name "VICTORIA STATION MALL."

14. Development of "VICTORIA STATION MALL" commenced on or about August 1, 1978, and defendant registered the name "VICTORIA STATION MALL" as a fictitious name on August 14, 1978.

15. At the present time, defendant has not leased any space for a restaurant. Due to a dispute with the City of Pittsburgh in obtaining a permit, defendant aborted its original plan to include a cocktail lounge and restaurant seating approximately 300 patrons.

16. Defendant seeks to lease all of the space within "VICTORIA STATION MALL" and would not refuse to lease space for a restaurant in the future.

17. Defendant has engaged in various promotional campaigns aimed at attracting tenants for "VICTORIA STATION MALL." (See Exhibits 11 & 12).

18. Defendant's "VICTORIA STATION MALL" received additional publicity through a newspaper article which appeared in the August 26, 1978, edition of the Pittsburgh Post-Gazette. (See Exhibit 13).

19. Plaintiff demanded that defendant cease referring to its development as "VICTORIA STATION MALL," however, defendant refused.

20. Defendant is, at this time, solely in the business of operating a shopping center mall and is not in the business of owning, managing or operating a restaurant, bar or lounge.

21. There is evidence that defendant's use of the name "VICTORIA STATION MALL" has resulted in confusion to the public in that defendant's mall is associated with plaintiff's restaurants.

22. The name of defendant's shopping mall, "VICTORIA STATION MALL" is confusingly similar to plaintiff's trademark, "VICTORIA STATION."

## II. Conclusions of Law

1. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 et seq., and this court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $10,000.

2. A preliminary injunction may be granted only upon a showing of: (1) a reasonable probability of eventual success on the merits; and (2) an irreparable injury if equitable relief is denied. *Tefal, S.A. v. Products International Co.*, 529 F.2d 495, 497 (3d Cir. 1976). In addition, the court should consider: (1) the possibility of harm to other interested persons from the grant or denial of the injunction, and (2) the public interest. *A. O. Smith Corp. v. Federal Trade Comm.*, 530 F.2d 515, 525 (3d Cir. 1976).

3. Under 15 U.S.C. § 1114(1), the test for trademark infringement is the "likelihood of confusion" resulting from a defendant's use of a particular term in connection with its business. *Dresser Industries, Inc. v. Heraeus Engelhard Vacuum, Inc.*, 395 F.2d 457 (3d Cir.), *cert. denied*, 393 U.S. 934, 89 S.Ct. 293, 21 L.Ed.2d 270 (1968).

4. The factors the district court should consider when determining the existence of the likelihood of confusion are those set forth in Section 729 of the Restatement of Torts. *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*, 350 F.Supp. 1341 (E.D.Pa.1972), *aff'd* 480 F.2d 917 (3d Cir. 1973).

5. In the instant case, the likelihood of confusion, and even actual confusion, is ap-

parent from a comparison of the names in question, "VICTORIA STATION" and "VICTORIA STATION MALL." They are nearly identical in appearance and pronunciation.

6. Although plaintiff has presented credible evidence of actual confusion between its trademark "VICTORIA STATION" and defendant's name "VICTORIA STATION MALL," where the similarity of names is so great, a plaintiff may be entitled to injunctive relief even without evidence of actual confusion. *Telechron, Inc. v. Telicon Corp.*, 198 F.2d 903, 909 (3d Cir. 1952); *Alfred Dunhill of London, Inc. v. Kasser Distillers Products, supra.*

7. Although plaintiff is engaged in the restaurant business and defendant is developing a shopping center, direct competition between the parties is not necessary in order for plaintiff to obtain injunctive relief. *Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495 (2d Cir. 1962).

8. Thus, courts have frequently protected the rights of a trademark owner against noncompeting products. *See, e. g., Scarves by Vera, Inc. v. Todo Imports, Ltd.*, 544 F.2d 1167 (2d Cir. 1976); *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp., supra.*

9. The likelihood of confusion with plaintiff's trademark from defendant's use of the name "VICTORIA STATION MALL" in connection with the development of its shopping mall is substantial.

10. 15 U.S.C. § 1052 states:

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—. . .

(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive or deceptively misdescriptive of them, . . ." (emphasis added.)

11. A certificate of registration from the United States Patent Office raises a rebuttable presumption of the trademark's validity. 15 U.S.C. § 1057(b).

12. A mark is descriptive when it conveys to the buyer the characteristics, qualities, uses, or functions of the product or service. *Educational Development Corp. v. Economy Co.*, 562 F.2d 26 (10th Cir. 1977).

13. "VICTORIA STATION" does not describe the characteristics, qualities, or functions of it's restaurant business, that is, the serving of food and drink.

14. "VICTORIA STATION" is a fanciful or arbitrary term which is entitled to protection under the Lanham Act. *Hamilton-Brown Shoe Co. v. Wolf Bros. Co.*, 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629 (1916).

15. Defendant's infringement of plaintiff's trademark has caused irreparable injury to plaintiff's tradename, service mark, goodwill, and reputation.

16. Greater injury will be inflicted upon plaintiff by the failure of this court to grant the relief requested than upon defendant by the granting of such relief.

17. The public interest will be served by issuance of an injunction in this matter.

18. A preliminary injunction will be issued enjoining defendant from using the trademark "VICTORIA STATION." Counsel for plaintiff is directed to prepare an appropriate decree on or before October 20, 1978.