**TRANSAMERICA CORPORATION, Plaintiff,**

v.

**TRANS–AMERICAN LEASING CORPORATION, Howard D. Siegel, and Frank J. Sarro, Defendants.**

**Civ. A. No. 86–1915–WF.**

United States District Court, D. Massachusetts.

Oct. 9, 1987.

Jeffrey F. Jones, William L. Lahey, Palmer & Dodge, Boston, Mass., J. George Seka, Katherine C. Spelman, Townsend & Townsend, San Francisco, Cal., for plaintiff.

Douglas Moxham, Robert L. Ellman, Hale & Dorr, Boston, Mass., for Frank Sarro.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Transamerica Corporation, a Delaware corporation having its principal place of business in California, alleges that defendants' use of plaintiff's federally registered service mark "TRANSAMERICA" infringes plaintiff's mark, violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitutes unfair competition under the common law. Defendants are Trans–American Leasing Corporation, a Maryland corporation with offices in Maryland and Massachusetts, and its owners, Howard Siegel and Frank Sarro. As the case arises under the trademark laws of the United States, federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(b).

Each defendant has moved to dismiss the complaint for improper venue or, in the alternative, to transfer the action pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the United States District Court for the District of Maryland. Defendants have filed a memorandum and affidavit in support of their motions. Plaintiff has filed memoranda opposing defendants' motions, and has asked the court to impose sanctions against defendants under Rule 11 of the Federal Rules of Civil Procedure. Defendants have filed a reply to plaintiff's opposition and request for sanctions. For the reasons stated below, defendants' motions to dismiss for improper venue are denied; defendants' motions to transfer are allowed; and plaintiff's request for Rule 11 sanctions is denied.

When an objection to venue has been raised, the burden is on the plaintiff to establish that venue is proper in the judicial district in which the action has been brought. 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3826 at 259 (1986); *Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325, 1330 (D.Mass.1975). In this case plaintiff asserts that venue is appropriate in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b). That statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

28 U.S.C. § 1391(b).

The individual defendants in this case reside in Maryland. Therefore, venue in Massachusetts is proper only if plaintiff's claim arose in this district.

Plaintiff contends its claim arose in Massachusetts. In support of its assertion, plaintiff states that it initially sent its cease and desist letter to defendants' Massachusetts office, that when it sent the letter it was unaware that defendants had an office

outside this state and that confusion over defendants' corporate name occurred here.

The question of where a multi-state trademark infringement claim "arises" for purposes of § 1391(b) has received substantial attention from courts and commentators. Prior to 1979 (as well as immediately thereafter) most courts considering the issue employed a "weight of contacts" test. *See, e.g., Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974); *Tefal, S.A. v. Products International Co.,* 529 F.2d 495 (3d Cir.1976); *Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. 1261 (S.D.N.Y. 1976); *Metropa Co. v. Choi,* 458 F.Supp. 1052 (S.D.N.Y.1978); *Sugar Beet Products Co. v. Supply Co.,* 198 U.S.P.Q. (BNA) 566 (S.D.N.Y.1977); *Hindu Incense v. Meadows,* 439 F.Supp. 844 (N.D.Ill.1977); *McDonald's Corp. v. Congdon Die Casting Co.,* 454 F.Supp. 145 (N.D.Ill.1978); *True Form Foundations, Inc. v. Strouse Adler Co.,* 203 U.S.P.Q. (BNA) 1081 (E.D.Pa. 1978); *Hershey Foods Corp. v. Harry London's Candies, Inc.,* 203 U.S.P.Q. (BNA) 1078 (M.D.Pa.1978); *Holiday Rambler Corp. v. Arlington Park Dodge,* 204 U.S. P.Q. (BNA) 750 (N.D.Ill.1979); *Technical Publishing Co. v. Mayne,* 206 U.S.P.Q. (BNA) 284 (N.D.Ill.1979); *Griffin v. Gates,* 205 U.S.P.Q. (BNA) 1150 (N.D.Ill.1979); *see generally* Wepner, *Determining Where the Claim Arose Under 28 U.S.C. § 1391(b) in Multi-State Trademark Infringement Actions,* 12 Seton Hall L.Rev. 767, 772–85 (1982). Although interpreted and applied differently by different courts, the "weight of contacts" approach generally requires a court to determine whether sufficient infringing activity occurred in, or there otherwise is sufficient connection between the lawsuit and, the judicial district where the action was brought to justify a conclusion that the claim arose there.

In 1979, however, the Supreme Court decided *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In *Leroy,* the Court provided guidance for determining where a multi-state claim "arises" for purposes of § 1391(b):

[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts.... In our view ... the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

*Id.* at 185, 99 S.Ct. at 2717 (citations and footnote omitted). Thus, in *Leroy,* the Court instructed that § 1391(b)'s "claim arose" provision should be interpreted with reference to the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant(s) (but not of the plaintiff). Further, without deciding whether the language of § 1391(b) completely forecloses the possibility that, based on the above factors, a claim may arise in more than one district, the Court made clear that this would be "the unusual case." *Id.* at 184–85, 99 S.Ct. at 2717. *See also Cheeseman v. Carey,* 485 F.Supp. 203, 210–14 (S.D.N.Y.1980) (analyzing whether and under what circumstances a claim may "arise" in more than one district).

The analysis set forth in *Leroy* has been applied to trademark infringement actions, *see, e.g., Accutest Corp. v. Accu Test Systems, Inc.,* 532 F.Supp. 416, 421–22 (D.Mass.1982); *Georgia Boot Division of U.S. Industries, Inc. v. Georgia Footwear Corp.,* 579 F.Supp. 1037, 1038 (S.D.N.Y. 1984); *Look Magazine Enterprises S.A. v. Look, Inc.,* 596 F.Supp. 774, 776–78 (D.Del. 1984); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,* 760 F.2d 312, 315–16 (D.C.Cir.1985), as well as to "passing off" claims under the Lanham Act, *see, e.g., Johnson Arts, Inc. v. Wool Masters, Inc.,* 743 F.2d 947, 955–56 (1st Cir.1984).

There is little doubt that under the analysis prescribed by *Leroy* this case could

have been brought in the United States District Court for the District of Maryland as the judicial district in which the "claim arose." Most importantly, both of the individual defendants reside in Maryland, making a Maryland forum more convenient for them. In addition, Trans–American Leasing is incorporated in Maryland, maintains its corporate documents in Maryland and holds its directors meetings in Maryland. Moreover, the discussions leading to selection of Trans–American Leasing's corporate name were held in Maryland. Thus, evidence and testimony concerning whether defendants intentionally or knowingly infringed plaintiff's service mark would be more accessible in Maryland.

Finally, of Trans–American Leasing's two offices, its Maryland office has more employees, maintains a larger sales force and is responsible for at least as much revenue as the Massachusetts office. Evidence of any confusion arising from defendants' alleged use of plaintiff's service mark would be at least as accessible in Maryland as in Massachusetts.

The foregoing considerations make clear that plaintiff's claim arose, for purposes of § 1391(b), in the District of Maryland. Thus, this court next must determine "[w]hether this is the 'unusual case' in which it is unclear that the claim arose in only one specific district...." *Cheeseman* at 212. *See Leroy* at 185, 99 S.Ct. at 2717. For if this is not such an "unusual case,"

venue in the District of Massachusetts is improper and the case may not continue here.

The court finds that this is not the "unusual case" contemplated by the Supreme Court in *Leroy*. Of primary importance to this determination is the fact that, as illustrated above, Maryland is a decidedly more convenient forum for the defendants.[1] That Maryland might be (although it does not appear to be) less convenient to plaintiff has little, if any, significance under § 1391(b). *See Leroy* at 185, 99 S.Ct. at 2717 (a court should consider the "convenience of the defendant (but *not* of the plaintiff)"). Further, relevant evidence and testimony is at least as accessible (if not more so) in Maryland as in Massachusetts.

Thus, the court finds that the District of Massachusetts is an improper venue for plaintiff's claim. The court also finds, however, that transfer to the District of Maryland is in the interest of justice, and therefore transfer, rather than dismissal, is appropriate. *See* 28 U.S.C. § 1406(a).[2]

■ Although the court finds that Massachusetts is an improper venue for this case, even if plaintiff's claim were deemed to "arise" here for purposes of § 1391(b), transfer would nevertheless be appropriate under 28 U.S.C. § 1404(a). *See Georgia Boat Division of U.S. Industries, Inc.* at 1038 (court need not rest transfer decision

---

1. The fact that all of the defendants reside in Maryland makes venue here questionable for another reason. Section 1391(b) expressly authorizes federal claims to be brought in the district where all defendants reside. 28 U.S.C. § 1391(b). In *Leroy* the Court relied on *Brunette Machine Works v. Kockum Industries,* 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972), for the proposition that the 1966 addition of the "claim arose" language to § 1391(b) was intended "to close the 'venue gaps' that existed under earlier versions of the statute in situations in which joint tortfeasors, or other multiple defendants who contributed to a single injurious act, could not be sued jointly because they resided in different districts." *Leroy* at 184 n. 17, 99 S.Ct. at 2717 n. 17. *Leroy* and *Brunette* support an interpretation of § 1391(b) allowing reliance on the "claim arose" language only where necessary to avoid the type of "venue gap" problem which the statutory change was designed to cure. *See Leroy* at 184, 99 S.Ct. at 2716–17 ("So

long as the plain language of the statute does not open the severe type of 'venue gap' that the amendment giving plaintiffs the right to proceed in the district where the claim arose was designed to close, there is no reason to read it more broadly on behalf of plaintiffs.") (footnotes omitted). *See also Cheeseman v. Carey,* 485 F.Supp. 203, 213 (S.D.N.Y.1980) ("Some doubt must persist ... as to the Supreme Court's willingness to accept any interpretation of the claim-arising language of Section 1391(b) that does more than fill a 'venue gap' in particular cases."). No venue gap exists in this case since all of the defendants reside in Maryland.

2. Section 1406(a) provides:
   The district court of a district in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

on improper venue where transfer is warranted under § 1404(a)). That statute provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As indicated earlier, this action could have been brought in the District of Maryland since all defendants reside there and since the claim arose there. 28 U.S.C. § 1391(b). Thus, transfer is appropriate under § 1404(a) if it will promote the convenience of the parties and witnesses and serve the interests of justice.

The court recognizes that there is a presumption in favor of plaintiff's choice of forum and the defendant has the burden of showing that transfer is warranted. *Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass.1982). However, where the plaintiff is not bringing suit on its "home turf," plaintiff's choice of forum carries less weight. *Clopay v. Newell Companies, Inc.*, 527 F.Supp. 733, 736 (D.Del.1981); *Lee v. Ohio Cas. Ins. Co.*, 445 F.Supp. 189, 192 (D.Del.1978). *Compare, e.g., Continental Illinois Nat. Bank and Trust Co. of Chicago v. Stanley*, 585 F.Supp. 610, 612 (N.D.Ill.1984) ("When the plaintiff is a resident of the judicial district where the litigation is brought, considerable deference is given to the plaintiff's choice of forum."). In this case, plaintiff is a national company, incorporated in Delaware, with its principal place of business in California. By its own admission plaintiff has not brought suit in its "home court," and therefore its choice of forum, while meaningful, is not dispositive.

Moreover, with regard to the convenience of the parties, Maryland seems to be as convenient for plaintiff as Massachusetts. In either forum plaintiff will suffer the inconvenience of prosecuting an action three thousand miles away from its home office. The District of Maryland is, however, a much more convenient forum for the individual defendants since that is where they reside. Maryland may be more convenient to the corporate defendant as well, since its corporate headquarters, formal corporate books and documents, and general counsel are located there.

With regard to the convenience of witnesses, although defendants have argued that their witnesses are in Maryland, they have not specified who these witnesses are nor what their testimony will be. *See, e.g., Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3852 at 425 (1986). However, according to the affidavit of defendant Frank J. Sarro, III, co-owner, Director and Vice–President of the corporate defendant, all of the discussions regarding the original selection of the name Trans–American Leasing Corporation were held in Maryland, as are its yearly directors meetings. It may be inferred that witnesses with knowledge of the circumstances surrounding selection of defendants' corporate name, including the individual defendants themselves, are in Maryland. Plaintiff, on the other hand, has made no showing that Maryland would be less convenient for its witnesses.

Thus, the court is satisfied that transfer to the District of Maryland would promote the convenience of the parties and witnesses and serve the interest of justice. 28 U.S.C. § 1404(a).

In view of the foregoing, defendants motions to dismiss for improper venue are DENIED. Defendants motions to transfer are ALLOWED and this case is hereby TRANSFERRED to the United States District Court for the District of Maryland. Accordingly, plaintiff's request for sanctions under Rule 11 is DENIED.