**ADVANCED DYNAMICS CORPORATION**

v.

**MITECH CORPORATION and James E. Long.**

**Civ. A. No. 4–87–481–K.**

United States District Court, N.D. Texas, Fort Worth Division.

Jan. 2, 1990.

Kenneth R. Adamo and John B. Rizo, Jones, Day, Reavis & Pogue, Dallas, Tex. for plaintiff.

A.B. Conant, Jr. and J. Michael McBride, Shank, Irwin, Conant, Lipshy & Casterline, Dallas, Tex., for movant.

D. Peter Hochberg, Cleveland, Ohio, and V. Bryan Medlock, Jr., Richards, Harris, Medlock & Andrews, Dallas, Tex., for defendants.

## ORDER

BELEW, District Judge.

Before the Court is the Motion to Dismiss or Change Venue Pursuant to Fed.R. Civ.P. 12(b)(3) filed by Defendants Mitech Corporation and James E. Long in the above-styled and numbered cause. After careful review of the motions, the briefs, and the applicable law, the Court is of the opinion that Defendants' Motion should be granted and this case should be transferred to the court of the Honorable Judge Alvin I. Krenzler, Northern District of Ohio, Eastern Division.

Plaintiff has claimed that venue is proper in this district under 28 U.S.C. § 1391(a) and (b), and Defendant has challenged Plaintiff's choice of venue in its Motion to Dismiss or for Change of Venue. Plaintiff has responded to Defendants' challenge, and Defendants have filed a reply to Plaintiff's response. When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought. *Transamerica Corp. v. Trans–American Leasing Corp.*, 670 F.Supp. 1089, 1090, 5 U.S.P.Q.2d 1352, 1353 (D.Mass.1987); 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3826 at 259 (1986). It is the opinion of this Court that § 1391(a) does not apply to the action at hand, and that, in light of the United States Supreme Court's decision in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), Plaintiff has not met its burden of establishing that venue is proper in this district. Venue is proper in the Northern District of Ohio.

In the case at hand, Plaintiff, a Texas corporation, has filed suit for a declaratory judgment that its product, "Condux", does not infringe the patent that Defendant, an Ohio corporation, claims it holds on its product, "Magnex". Thus, two of the primary issues to be determined on the merits are whether Defendant's patent is valid, and, if so, whether Plaintiff's product infringes said patent. This case clearly arises under the patent laws of the United States, and therefore involves a federal question. Subsection (a) of the general venue statute, 28 U.S.C. § 1391 states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all the plaintiffs or all the defendants reside, or in which the claim arose.

There is diversity of citizenship in the case at hand, as the Plaintiff is from Texas and both of the Defendants are from Ohio. By its terms, however, § 1391(a) is meant to apply to cases "founded *only* on diversity of citizenship." As the case at hand also involves a federal question, § 1391(a) clearly does not apply.

█ Plaintiff also claims that venue is proper in the Northern District of Texas under the "claim arose" language of § 1391(b).[1] The leading case interpreting the "claim arose" amendment to § 1391(b) is *Leroy v. Great Western United Corp.,* supra. In *Leroy,* the Court held:

> [I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts..... In our view, therefore, the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that approximately equal plausibili-

ty—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim. *Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717 (citations and footnotes omitted). In other words, in determining the forum where the claim arose for purposes of venue under § 1391(b), the courts must consider a three part test: (a) the availability of witnesses, (b) the accessibility of other relevant evidence, and (c) the convenience of the defendant (but *not* of the plaintiff). *Leroy,* supra; *Transamerica,* supra, 670 F.Supp. at 1090, 5 U.S.P.Q.2d at 1353; *Johnson Creative Arts, Inc. v. Wool Masters, Inc.,* 743 F.2d 947, 955 (1st Cir.1984); *District No. 1, Pacific Coast District, M.E.B.A. v. State of Alaska,* 682 F.2d 797, 798 (9th Cir.1982). Considering that both Defendants reside in Ohio, all of the Defendants' documents, business records, and employees are in Ohio, all of Defendants' decisions giving rise to this cause were made in Ohio, one of the inventors of the product in question resides in Ohio, an attorney who prosecuted the patent in question resides in Ohio, and that Burton Rubber, Plaintiff's principal supplier of the product which Defendants contend infringes the patent in question, is in Ohio, it is the opinion of the Court that most of the witnesses are in Ohio, most of the relevant evidence is in Ohio, and the forum of convenience to the Defendant is clearly in Ohio. Plaintiff has claimed that travel to Texas would be easier than travel to Ohio for two important witnesses: one of the inventors resides in California, and one of the attorneys who originally prosecuted the patent resides in Kansas City, Missouri. This argument is without merit. Both witnesses will be required to travel considerable distances regardless of whether the trial is held in Texas or in Ohio. The proper locus of the claim is in Ohio, rather than in the Northern District of Texas.

Furthermore, the Supreme Court stated in *Leroy* that the "claim arose" language

---

**1.** 28 U.S.C. § 1391(b) states:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

of § 1391(b) is meant to apply only in the event of a severe "venue gap", i.e. where multiple defendants reside in different judicial districts. *Leroy,* 443 U.S. at 184, 99 S.Ct. at 2717; see also *Transamerica,* 670 F.Supp. at 1092, n. 1, 5 U.S.P.Q.2d at 1354, n. 1.[2] Therefore, the "claim arose" language of § 1391(b) does not apply, and venue is proper in Ohio, since no such venue gap exists in the case at hand: both Defendants are residents of Ohio.

Finally, virtually all decisions and actions on the part of the defendants took place in another district. Defendants have no offices, warehouses, facilities, employees, permanent sales representatives, bank accounts, telephone numbers, or mailing address in Texas. Defendants have sales throughout the country and internationally, however, defendants' sales in Texas constitute only 8% of its total sales. In consideration of all factors, it is the opinion of the Court that Defendants' contacts in this District are insufficient under § 1391(c) to outweigh the propriety of transferring venue in this case to Ohio under § 1391(b).

Congress' intentions as to venue are clearly directed towards fairness and convenience to the defendant. The *Leroy* decision reinforces those intentions. It is, therefore, the opinion of this Court that subject to considerations of fairness and convenience to Defendant Mitech, the proper venue for the case at hand is with the United States District Court for the Northern District of Ohio, Eastern Division. As this case was previously transferred back to this Court from the court of the Honorable Judge Alvin I. Krenzler, United States District Court for the Northern District of Ohio, Eastern Division, it is hereby ORDERED that this case be and is hereby TRANSFERRED back to that court.

IT IS SO ORDERED.

---

2. The Supreme Court specifically stated, "So long as the plain language of the statute does not open the severe type of 'venue gap' that the amendment giving plaintiffs the right to proceed in the district where the claim arose was designed to close, there is no reason to read it more broadly on behalf of plaintiffs." *Leroy,* 443 U.S. at 184, 99 S.Ct. at 2717 (footnotes omitted).