**BANQUE de la MEDITERRANEE–FRANCE, S.A.,**

v.

**THERGEN, INC. and William F. Phelan.**

**Civ. A. No. 91–0094–T.**

United States District Court,
D. Rhode Island.

Jan. 16, 1992.

William P. Robinson, III, Joseph S. Larisa, Jr., Edwards & Angell, Providence, R.I., for plaintiff.

Richard M. Peirce, Roberts, Carroll, Feldstein & Peirce, Providence, for defendants.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This case is before the Court on the defendants' motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or in the alternative to transfer the case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a).

## FACTS

The complaint alleges that Banque de la Mediterranee–France, S.A. ("Banque") is incorporated in France and has its principal place of business in Paris. The defendant, Thergen, Inc. ("Thergen"), is a Massachusetts corporation "with its principal place of business in Providence." The defendant, William F. Phelan ("Phelan"), is the president of Thergen and a citizen of Massachusetts. The complaint also alleges that Banque extended an open line of credit to Thergen which was guaranteed by Phelan and that Thergen is now in default.

## DISCUSSION

■ Allegations in the complaint may *prima facie* establish that venue is proper. However, when venue is challenged, the burden is on the plaintiff to present sufficient facts to support those allegations. *See Cordis Corp. v. Cardiac Pacemakers,* 599 F.2d 1085, 1086 (1st Cir.1979) (assigning to plaintiff the burden of establishing proper venue pursuant to patent venue statute, 28 U.S.C. § 1400(b), and citing *Stanley Works v. Globemaster, Inc.,* 400 F.Supp. 1325 (D.Mass.1975) (§ 1400(b)). *See also Lex Computer & Management Corp. v. Eslinger & Pelton,* 676 F.Supp. 399, 406 (D.N.H.1987) (§ 1391); *Transamerica Corp. v. Trans–American Leasing Corp.,* 670 F.Supp. 1089, 1090 (D.Mass. 1987) (§ 1391).

In this case, Banque contends that venue is proper under either subsection (2) or (3) of § 1391(a). That section provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

28 U.S.C.A. § 1391(a) (West Supp.1991).

■ In support of that contention, Banque asserts that "a substantial part of the events or omissions giving rise to [its] claim" occurred in the District of Rhode Island. In making that assertion, it relies on what it describes as "the allegations in the Complaint as well as the defendants' concession that the corporate defendant has a place of business in Rhode Island." (Memorandum in Support of Plaintiff's Objection to Motion to Dismiss or in the Alternative to Transfer Venue at 2–3). How-

ever, there are no allegations in the complaint that any of the events giving rise to this claim occurred in this District. The complaint does not specify where the negotiations resulting in the line of credit agreement took place, where the agreement was executed, where the advances were made or any other facts relating to this transaction. The mere fact that Thergen has *a* place of business in Rhode Island does not establish that any of the relevant events occurred here, particularly since the memoranda filed by both parties indicate that Thergen's *principal* place of business is in Massachusetts and that Phelan resides there.

■ Banque also asserts that "the defendants" were subject to personal jurisdiction in this District when suit was commenced. However, while it is clear that Thergen was subject to personal jurisdiction in Rhode Island by virtue of having a place of business here, there is nothing to suggest that Phelan was amenable to suit here. Paragraph seven of the complaint alleges that Phelan directed Thergen's affairs in Rhode Island,[1] but it does not allege that he was ever present in this District or that his alleged direction of the corporation's affairs in this District related in any way to the subject of this suit.

■ The mere fact that a corporate officer may direct the corporation's affairs in another district does not necessarily subject the officer to personal jurisdiction there. Even physical presence on some prior occasion for the limited purpose of conducting the corporation's affairs may not be sufficient to confer personal jurisdiction. At a minimum, the activities the officer directed must be those that gave rise to the suit. *Villa Marina Yacht Sales v. Hatteras Yachts,* 915 F.2d 7, 9–11 (1st Cir. 1990) (district court has personal jurisdiction over corporate officers where there was proof that officers had personally initiated and maintained contacts in the district). The fact that the officer may have directed activities unrelated to the suit does

---

1. Specifically, paragraph seven states that "[t]he continuous and systematic actions of Phelan in *operating or directing* the affairs of Thergen in

Rhode Island are sufficient to subject Phelan to ... jurisdiction." (Compl. at ¶ 7) (emphasis added).

not subject the officer to personal jurisdiction in that forum. *Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 617 (1st Cir.1988) (district court did not have personal jurisdiction over corporate officers where there was no proof of the officers' direct involvement in the plaintiffs' injuries) (citing *Escudé Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907 (1st Cir.1980) (district court did not have personal jurisdiction over corporate officers where their unrebutted affidavits indicated that they were not personally involved with the injury-causing activities)).

 In this case, neither the complaint nor Banque's Memorandum alleges that Phelan was ever present in Rhode Island or directed any activities by Thergen in Rhode Island relating to the subject matter of this suit. Accordingly, Banque has failed to establish facts sufficient to support its claim that venue is proper in this District. Therefore, the Court must consider whether Banque's complaint should be dismissed or whether this case should be transferred to another district pursuant to 28 U.S.C. § 1406(a). That section states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Title 28 U.S.C.A. § 1406(a) (West 1976).

There is no question that this case properly could have been brought in the District of Massachusetts. Thergen is a Massachusetts corporation with its principal place of business in New Bedford, and Phelan is a Massachusetts resident. Therefore, both are subject to jurisdiction in that District, and venue would be proper there because both "reside" in Massachusetts. 28 U.S.C. § 1391(a)(1). Furthermore, the District of Massachusetts would have subject matter jurisdiction because the requisite diversity of citizenship would remain intact under 28 U.S.C. § 1332.

Consequently, the only remaining inquiry is whether the Court must be satisfied that it is in the "interest of justice" to transfer rather than dismiss. Neither side has presented any compelling reason for selecting either course. However, in the absence of countervailing factors, transfer is generally more consistent with the "interest of justice" than is dismissal because it eliminates the delay and additional expense associated with reinstituting suit in another forum. In this case, there is no indication that transfer would result in any hardship or unfairness to either party. Consequently, the "interest of justice" is best served by transfer.

### CONCLUSION

For all of the foregoing reasons, the Court finds that venue in the District of Rhode Island is improper and directs that the case be transferred to the District of Massachusetts.

IT IS SO ORDERED.