Exhibit B Original -- to be kept by IRS

---

Civil No. 12–1859 (GAG/BJM).

United States District Court,
D. Puerto Rico.

April 22, 2013.

GOYA FOODS, INC., et al., Plaintiffs,

v.

GOLLA OY, et al., Defendants.

Jorge L. Guerrero–Calderon, Cond Gallardo, San Juan, PR, for Plaintiffs.

Rossell Barrios–Amy, Mariana Negron–Vargas, Goldman, Antonetti & Cordova, Jorge L. Guerrero–Calderon, Cond Gallardo, San Juan, PR, for Defendants.

## OPINION AND ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

In an amended complaint, Goya Foods, Inc. ("Goya") and Goya de Puerto Rico, Inc. ("Goya PR") sued Golla Oy,[1] Golla USA Inc. ("Golla USA"), Best Buy Stores Puerto Rico, LLC ("Best Buy PR"), and Best Buy Stores, L.P. ("Best Buy"), alleging trademark infringement and unfair competition under the Lanham Act and Puerto Rico law. Docket No. 35 ("Compl."). Golla Oy renewed its motion to transfer this action to the Northern District of Illinois, in the alternative to dismissal for lack of personal jurisdiction, improper venue, and improper service. Docket No. 38. Plaintiffs opposed (Docket No. 42) and Golla Oy replied (Docket No. 52). The original motion to dismiss or transfer (Docket No. 12) was also briefed through opposition (Docket No. 19), reply (Docket No. 22), and surreply (Docket No. 32).

This was referred with instructions to first decide the non-dispositive transfer issue. Docket Nos. 14, 31. Golla Oy's motion to transfer is **denied**.[2]

## BACKGROUND

The following facts are gleaned from the evidence submitted by both sides, limited to those facts informing the analysis of whether transfer is proper.

Golla Oy is a company organized in Finland that designs and sells carrying cases and similar accessories for portable electronics. Docket No. 12–2, ¶¶ 3–4. Its world headquarters is in Helsinki. *Id.*, ¶ 2. Its founder, manager, and chief executive officer is Petri Kähkönen, who lives and works in the area of Espoo/Helsinki. *Id.*, ¶ 32.

Golla USA Inc. has an office in Chicago, Illinois. Docket No. 12–2, ¶¶ 23–26. Its vice president, sales director, computer servers, files, and business records are there, and all Golla business in the Americas is managed from Chicago. *Id.*, ¶¶ 25–31. Golla products enter the United States from China, and are mostly handled by a third party in Washington. Some inventory is kept in Elgin, Illinois as well. *Id.*, ¶ 27. Golla Oy filed three trademark applications with Puerto Rico's Department of State in September 2009, but withdrew the applications on October 30, 2012. Docket No. 22–2.

Best Buy is a Virginia limited partnership, with a principal place of business in Richfield, Minnesota. Compl., ¶ 9. Best Buy PR is a Puerto Rico limited liability company, with a principal place of business in San Juan. *Id.*, ¶ 8.

As of January 28, 2013, the web site at www.golla.com listed three retailers in Puerto Rico for Golla-branded products: "BestBuy," "T–Mobile," and "Sears." Docket No. 19–1 at 5. Golla Oy designed its site as a way of attracting new distributors and retailers, rather than as a way for consumers to find Golla products. Docket No. 22–1, ¶¶ 7–8, 10. The site does not offer online sales. *Id.*, ¶ 11. Plaintiffs' agent bought Golla products at Best Buy,

---

1. "Oy" is short for "osakeyhtiö," a business entity under the laws of Finland with non-public shares and limited liability. *See* Harold S. Bloomenthal & Samuel Wolff, 10C International Capital Markets & Securities Regulation § 52A:11 (Westlaw 2013).

2. Golla USA recently moved to dismiss or transfer as well. Docket No. 53. That motion is not yet ripe for disposition, so its § 1404 request for transfer is not directly addressed here.

Kmart, and Sears stores in the San Juan metro area in April and December 2012. Docket No. 19–2.

## DISCUSSION

■ Without waiving its other objections, Golla Oy argues that this action should be transferred to the Northern District of Illinois. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). *Cf.* 28 U.S.C. § 1406(a) (if case filed in wrong district, court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Besides proper venue, section 1404 requires the court to balance the convenience of witnesses, the convenience of parties, and the "interest of justice"—a catch-all covering the "public-interest factors of systemic integrity and fairness." *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ Bypassing the question of whether plaintiffs could have brought this suit in the Northern District of Illinois, I consider the other factors in turn.[3]

## I. Convenience of Parties

■ This factor weighs slightly against transfer. With respect to Golla Oy and its Finland-based records and employees, there is little convenience to be gained if the case goes to Chicago instead of San Juan, since trans-Atlantic flights and cross-jurisdictional concerns lie in wait either way. As for Golla USA, an Illinois forum would pose no inconvenience whatsoever. But as plaintiffs note (though using far more words), this case mostly turns on whether GOLLA is likely to be conflated with GOYA in the minds of Puerto Rico's retail consumers. *See* Docket No. 32 at 4. Their theories share the premise that Puerto Rico's Spanish-speaking public is likely to confuse the two because their names sound the same when read as though written in Spanish. *See* Compl., ¶¶ 43–52. Among other factors, evidence of relevant channels of trade, methods of advertising, classes of purchasers, and actual confusion will shed light on whether Goya and Goya PR have a trademark infringement or unfair competition claim. *See generally Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482 (1st Cir.1981). So while Golla Oy and Golla USA's respective headquarters are off-island, all sides will have plenty of factual development to do here, tipping the scales against moving it elsewhere. And this still holds true throwing Best Buy and Best Buy PR into the mix: while Best Buy itself is (like Golla USA) based in the Upper Midwest, its Puerto Rico retail channels are central to the case. Framed this way, Golla Oy's main complaint—that it is being bullied into a forum with no relationship to the dispute—rings hollow.

## II. Convenience of Witnesses

■ This factor weighs slightly for transfer. So far, there has been no suggestion that witnesses outside any party's control will need to travel to Puerto Rico.

---

**3.** Golla Oy accurately notes that plaintiffs have not squarely challenged its analysis of venue in the Northern District of Illinois. Docket No. 52 at 2. "But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). If transfer were warranted, it would be necessary to analyze (rather than assume) the propriety of the sought-after venue change.

And if a party can readily produce its employees and send evidence to the forum, their convenience is given rather less weight. *See Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56, 71 (D.Mass.2001). To the extent *non-party* witnesses will be necessary—an admittedly speculative point, since the briefs all aver that none have been identified yet—it is possible, given the Puerto Rico-specific inquiries noted above, that at least some will be found here. I weigh this factor only slightly in favor of transfer.

### III. Public Interests

 This factor slightly weighs against transfer. Courts must consider public, systemic interests in deciding whether a case should move. *See Stewart Organization*, 487 U.S. at 30, 108 S.Ct. 2239. "[F]amiliarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts" are examples. *See Johnson v. VCG Holding Corp.*, 767 F.Supp.2d 208 (D.Me.2011) (quoting Charles Alan Wright *et al.*, 15 Federal Practice & Procedure § 3847 (Westlaw 2013)). This factor also captures, for example, the "first to file" presumption when parallel litigation is filed in separate districts. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir.2000).

Golla Oy highlights comparative docket congestion as a factor favoring transfer. The Northern District of Illinois had a lower median time than this district for disposing of civil cases at every stage short of trial during the twelve-month period ending September 30, 2012. *See* Administrative Office of the United States Courts, *Judicial Business of the United States Courts*, Table C–5, http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2012/appendices/C05Sep12.pdf.

But Golla Oy misses the mark in characterizing this forum as having "no relation" to the suit. *See* Docket No. 38 at 9. As explained above, confusion in Puerto Rico is at the core of plaintiffs' theory (and burden of proof). Decisions and documents in Illinois and Finland (and Minnesota, and wherever else as-yet-unsued retailers and distributors decided to buy Golla goods) could also be at issue. But the multifactor analysis of likelihood of confusion centers on perceptions in Puerto Rico. Thus, members of a Puerto Rican jury might not only be asked to decide what happened in meetings thousands of miles away, but more importantly, whether there is confusion in their own community. Or put conversely, Golla Oy never explains why a Chicago jury should be burdened with contemplating what consumers think about GOYA and GOLLA across the island of Puerto Rico. The interest in keeping local disputes local at least offsets, and even outweighs, the advantages of sending this suit to somewhat faster pastures.

### IV. Summary

 The factors, on balance, slightly weigh against transfer. Generally, the moving party must overcome a "strong presumption" favoring the original venue. *Coady*, 223 F.3d at 11. That presumption is weakened when a plaintiff sues outside its "home" forum. *See Transamerica Corp. v. Trans–American Leasing Corp.*, 670 F.Supp. 1089, 1092–93 (D.Mass.1987); *accord Caldera Pharms., Inc. v. Los Alamos Nat'l Sec., LLC*, 844 F.Supp.2d 926, 930–31 (N.D.Ill.2012). While granting that the lead Goya entity is suing outside of its home forum, I nonetheless find that Golla Oy has failed to overcome even a diminished presumption against transfer and show that the case *ought* to go elsewhere.[4]

---

**4.** I stress that this analysis does not foretell whether the claims *can* stay here, which is the

## CONCLUSION

For the foregoing reasons, Golla Oy's motion to transfer is **DENIED.**

**IT IS SO ORDERED.**

subject of Golla Oy and Golla USA's pending motions to dismiss. Inter-district transfer under § 1404 implicates different concerns than do the doctrines of personal jurisdiction and proper venue.